Mary Kay C. Barnes, Petitioner v. Commonwealth of Pennsyvania, Department of Public Welfare, Respondent.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*John R. Rellick,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, with her *Linda Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

Mary Kay C. Barnes has petitioned for review of the denial by the Department of Public Welfare (Department) of her July, 1979 application for a food stamp allotment for a three person household. That denial by the Department was grounded in Section 505.2(h)(4) of the Public Assistance Eligibility Manual,[1] and upon the determination by the Department that petitioner and her two minor children did not comprise a food stamp "household" as defined in the regulation. Under the pertinent provision, a household consists of a "group of individuals living together for whom food is customarily purchased in common and for whom meals are prepared together for home consumption."

The petitioner had been granted assistance for herself and the two children under the Aid to Families of Dependent Children (AFDC) Program following her separation from her husband in April of 1979. She was also issued food stamps for a three person household for a certification period of one month.

However, when petitioner notified the Erie County Board of Assistance (Board) that her estranged husband had taken the children while petitioner moved, but had failed to return them, the Board removed the

---

[1] 55 Pa. Code §505.2 (relating to definitions).

two children from the AFDC grant. Petitioner's subsequent reapplication for food stamps resulted in the authorization of a food stamp allotment for a one person household.

Then in June of 1979, petitioner and her husband were awarded joint temporary custody of their two children. Under the terms of the joint custody award, petitioner was to have the children in her home from 9:00 a.m. to 8:00 p.m. Monday through Friday. The children were to be in the custody of their father from 8:00 p.m. to 9:00 a.m. weekdays and on all weekends.

On the grounds that petitioner's children did not live with her, petitioner's subsequent request for food stamps for a three person household was denied, and this appeal followed.

It is undisputed that the petitioner was required to provide food for the children while they were with her out of her own resources, since she was not awarded support monies as part of the custody award. The real issue here is, in light of the custodial arrangements between the spouses under the temporary joint custody award, did petitioner and her children, during the period in question, comprise a household for purposes of food stamp eligibility.

Petitioner argues that in view of the legislative history of the Food Stamp Act of 1977,[2] the *sine qua non* of the term "household" is the *eating unit*. Therefore, she urges, since the children ate at her home the majority of the time, petitioner and her two children met the requirements of a three person household for food stamp purposes. We disagree.

Although the "eating unit" is an integral aspect of the term household for purposes of food stamp eligibility, it is only logical to conclude that the eating unit must, in the first instance, realistically and actual-

---

[2] 7 U.S.C. §2011 *et seq.*

ly *live in* the household. The record in the instant case reflects that the children, during the joint custody period,[3] slept at their father's house and kept most of their toys there. Under the operative terms of the joint custodial award, then, petitioner and her children must be deemed to have failed to meet the two pronged test for establishing a legitimate food stamp household; namely that they were an eating unit *and* that, realistically speaking, they lived together.

We must also reject petitioner's constitutional arguments. There has been here no blanket disqualification from eligibility without due process; and the Department's policy of refusing to issue food stamps on a prorated basis in order to accommodate the petitioner's unique custodial situation is rationally related to the legitimate state interest in effectively administering the Food Stamp Program.

ORDER

AND Now, the 19th day of March, 1981, the order of the Department of Public Welfare at Case No. 111476-D, dated October 4, 1979 is affirmed.

---

[3] It should be noted here that petitioner has been granted full custody of the children and they are now living with their mother.